UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LAUREN GARNICK, TSHACHA
ROMEO, and COREY HANVEY,
Individually, and on behalf of all
others similarly situated,

    Plaintiffs,

v.     Case No: 8:20-cv-1474-MSS-TGW

VERIZON CONNECT FLEET USA,
LLC.,

    Defendant.

## ORDER

**THIS CAUSE** comes before the Court for consideration of the Parties' Joint Motion for Approval of FLSA Collective Action Settlement. (Dkt. 142) A claim brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, can be settled and resolved in two ways. First, an employee may settle and waive claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. 29 U.S.C. § 216(c); Lynn's Food Stores, Inc. v. U.S., 679 F.2d 1350, 1353 (11th Cir. 1982). Alternatively, an employee may settle and waive claims under the FLSA if the parties file a proposed settlement agreement with a district court, and the district court enters a judgment approving the settlement. Lynn's Food Stores, Inc., 679 F.2d at 1353. To approve the settlement, the district court must determine whether the settlement agreement is a "fair and reasonable resolution of a bona fide dispute" of the FLSA issues. Id. at 1354–55.

On June 29, 2020, Plaintiffs Lauren Garnick and Tshacha Romeo initiated this putative collective action against Defendant Verizon Connect Fleet USA LLC f/k/a Fleetmatics USA, LLC ("Defendant" or "Verizon Connect") alleging violations of the FLSA. (Dkt. 1) On July 13, 2020, Plaintiffs filed an Amended Complaint, which is the operative Complaint in this matter, adding Corey Hanvey as an additional named Plaintiff (hereafter, "Complaint"). (Dkt. 13) The Complaint alleges that Defendant violated the overtime wage requirements of the FLSA by failing to pay Garnick, Romeo, and Hanvey ("Named Plaintiffs") and others similarly situated for overtime work. (Id.) Approximately 49 opt-in Plaintiffs consented to join this action prior to the Court granting Plaintiffs' Motion for Conditional Certification. (Dkt. 110) Thereafter, another 133 individuals filed opt-in consent forms in this action, bringing the total number of Plaintiffs to 185. (Dkt. 142) Now, the Parties represent that after participating in numerous settlement discussions and negotiations, including a full-day mediation on January 14, 2022, they have reached an agreement to settle this dispute. (Id.)

In exchange for, inter alia, a release from all liability, Defendant has agreed to pay a Gross Settlement Amount of $3,200,000.00, which is inclusive of (a) all of the Individual Settlement Payments to Plaintiffs; (b) attorneys' fees and costs of Plaintiffs' counsel as approved by the Court; and (c) the fees and costs associated with settlement administration. (Dkt. 142-1 at ¶ 2) Of the Gross Settlement Amount, $1,066,560.00 is to be paid to Plaintiffs' counsel for attorneys' fees, in addition to reimbursing the sum of $21,395.28 for expenses incurred in this lawsuit, and $10,000.00 is to be set aside

for the fees and expenses of the agreed upon claims administrator, Rust Consulting, for administration of the settlement proceeds, including all necessary tax forms. (Id.) $250.00 is to be awarded to each of the Named Plaintiffs in exchange for executing general releases that are broader than the opt-in Plaintiffs' releases. (Id. at ¶ 7) After deduction of attorney's fees and costs, the capped amount of costs for claims administration, and the additional consideration afforded to the Named Plaintiffs for executing general releases, the remaining $2,101,294.72 (the "Net Settlement Fund") is to be divided into Individual Net Settlement Amount payments allocated to each Plaintiff for his or her pro rata share of the Net Settlement Fund. (Id. at ¶ 2.5)

Each Plaintiff's pro rata share is calculated by considering (i) his or her net workweeks within the applicable statute of limitations; (ii) the estimated average alleged unpaid weekly overtime hours reported by each Plaintiff or, alternatively, the average overtime weekly hours from Plaintiffs' damages model; and (iii) each Plaintiff's average overtime rate in the covered period and dividing this amount by the total sum of all Plaintiffs. (Id.) In the event a Plaintiff's pro rata share is calculated at $0, the Plaintiff will receive a minimum payment of $50.00, and the pro rata shares of the Net Settlement Fund will be recalculated minus the minimum payments. (Id.) Any unused portions of the reserve for claims administration or settlement checks not timely cashed will revert to Defendant. (Id. at ¶ 2.6) For tax purposes, with respect to the Individual Net Settlement Amount payments, 50% of each payment will be treated as wages and 50% will be treated as liquidated damages. (Id. at ¶ 5.3) The Parties agree that a bona fide dispute regarding Defendant's liability under the FLSA exists and that

the settlement terms represent a fair and reasonable compromise of the disputed issues in this case. (Dkt. 142)

Moreover, Defendant agreed in negotiating the settlement, and as set forth in the Settlement Agreement, not to oppose a fee of one third the Gross Settlement Amount. Because the attorneys' fees were not agreed upon separately and without regard to the amount paid to Plaintiffs, the Court makes a reasonableness finding. See Bonetti v. Embara Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. 2009); see also Dail v. George A. Arab, Inc., 391 F. Supp.2d 1142, 1146 (M.D. Fla. 2005) ("In collective FLSA actions, the court has a duty to determine the reasonableness of the proposed attorneys' fees as part of the fairness determination.").

Plaintiffs' counsel requests an award of attorneys' fees in the amount of $1,066,560.00 to be paid from the common fund, which represents one third of Gross Settlement Amount, in addition to reimbursing litigations costs and expenses in the sum of $21,395.28. An award of reasonable attorneys' fees and costs is mandated by the FLSA if the employer is held liable. See 29 U.S.C. § 216(b) (indicating the court shall "allow a reasonable attorney's fee to be paid by the defendant"). However, the FLSA does not require the Court to conduct an in-depth analysis "unless the unreasonableness of such award is apparent from the face of the documents." Freeman v. Trainingwheel Corp., LLC, No. 2:19-CV-52-FTM-NPM, 2020 WL 7401488, at *3 (M.D. Fla. June 26, 2020) (quoting King v. My Online Neighborhood, Inc., No. 6:06-cv-435-Orl-22JGG, 2007 WL 737575, at *4 (M.D. Fla. Mar. 7, 2007)).

Upon review of the Motion and the Settlement Agreement, the Court finds that

the Parties' Settlement Agreement is fair and reasonable. The Court's approval of this Settlement Agreement in no way alters any party's obligation to pay or withhold appropriate sums for tax purposes in accordance with the requirements of the Internal Revenue Code.

The Court declines, however, to approve the Continuing Jurisdiction provision in Paragraph 13.10. Courts in this district routinely deny requests to retain jurisdiction to oversee and enforce payment plans set forth in a FLSA settlement agreement. E.g., Abel v. Lucky Corner, Inc., No. 6:21-CV-278-PGB-GJK, 2021 WL 2430905, at *1 (M.D. Fla. May 14, 2021); Eiland v. U.S. Walls, LLC, No. 6:13-CV-1237-ORL-40, 2015 WL 478372, at *5 (M.D. Fla. Feb. 4, 2015); Correa v. Goldblatt, Case No. 6:10-cv-1656-JA-DAB, 2011 WL 4596224 (M.D. Fla. Sept. 9, 2011); Smither v. Dolphin Pools of SW Fla., Inc., Case No. 2:11-cv-65-JES-DNF, 2011 WL 2565494 (M.D. Fla. June 9, 2011). As such, to the extent that court intervention is necessary to resolve any dispute concerning the Settlement Agreement after the case is finally resolved, an independent basis for jurisdiction would have to be established in order for such dispute to be resolved in this Court. See Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 378 (1994) ("Enforcement of the settlement agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.").

Accordingly, it is hereby **ORDERED** as follows:

1. The Parties' Joint Motion for Approval of FLSA Collective Action Settlement, (Dkt. 142), is **GRANTED**.

2. The Settlement Agreement, (Dkt. 142-1), is **APPROVED** and shall **GOVERN** the Parties' conduct in settlement of this civil action.

3. Defendant shall disburse the Gross Settlement Amount, including attorney's fees and costs, in accordance with the terms of the Parties' Settlement Agreement.

4. This case is **DISMISSED WITH PREJUDICE**. **No retainer agreement between Plaintiffs and counsel shall override or alter the amount of settlement proceeds due to the Plaintiffs in accordance with the terms of the Settlement Agreement as approved by this Order.**

5. The **CLERK** is directed to terminate any pending motions and **CLOSE** this case.

**DONE** and **ORDERED** in Tampa, Florida, this 10th day of May 2022.

MARY S. SCRIVEN
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Any pro se party